■ RONALD C. EDWARDS, Respondent, v. HARVEY E. KIBLER et al., Respondents, and KAY EDWARDS, Appellant.— Judgment unanimously reversed on the law and facts, with costs, writ dismissed and custody of the child awarded to the defendant Kay Edwards, in accordance with the memorandum. Memorandum: The determination of the Trial Justice was contrary to the weight of evidence. We do not find that the best interests of the infant will be served by awarding custody to the father. The child was well and affectionately cared for in the home of Mr. and Mrs. Kibler under the custody of the defendant Kay Edwards. The Trial Justice asked for and received a confidential report from a social agency. We have questioned this practice before. (Herb v. Herb, 8 A D 2d 419.) Although it is stated in the judgment, signed by the Trial Justice, that in that report there was "nothing which materially influenced the Court in its decision", it is difficult to determine what induced the determination of the court if it was not this report, since the testimony alone will not sustain the conclusion that custody should be given to the father. Furthermore, the failure of the trial court to make appropriate findings of fact leaves us in doubt as to the basis of the decision and the facts upon which the conclusion was based. Our award of the child to the mother is conditioned upon the fact that the child be allowed to reside in the home of the Kiblers, and that if there is a change from that residence the court may re-examine the question of the welfare of the child, if the father shall so request. The father shall continue to pay to the mother $10 a week for the support of the child. (Appeal from a judgment of Erie Trial Term sustaining a writ of habeas corpus and awarding custody of infant and establishing visitation rights.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.